Preston Roosevelt CATLIN,
Petitioner–Appellant,

v.

I. Huanani HENRY, Respondent–
Appellee.

No. 02–17201.

D.C. No. CV–98–2049–MCE.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 15, 2003.

Decided Sept. 29, 2003.

of this circuit except as provided by Ninth
Circuit Rule 36–3.

Quin Denvir, Esq., Allison Claire, FPDCA–Federal Public Defender's Office (Sacramento), Sacramento, CA, for Petitioner–Appellant.

Janet Ellen Neeley, Esq., Attorney General's Office, Sacramento, CA, for Respondent–Appellee.

Before HALL, O'SCANNLAIN, Circuit Judges, and BEISTLINE,* District Judge.

## MEMORANDUM **

Petitioner Preston Roosevelt Catlin ("Catlin") appeals the denial of his 29 U.S.C. § 2254 habeas corpus petition challenging his conviction and his sentence of life without parole plus four years. More specifically, Catlin contends: (1) his trial counsel rendered ineffective assistance by failing to voir dire potential jurors on the issue of racial basis; (2) his trial counsel was ineffective in failing to move for change of venue; and (3) that the trial court failed to ensure an unbiased jury.

The Court concludes there was no ineffective assistance with respect to the voir dire of jurors about race since Catlin failed to proffer any evidence as to actual bias, and there was no showing that a different result would have occurred had counsel questioned the jury panel concerning their attitude(s) toward race. Indeed, not only was the circumstantial evidence against Catlin overwhelming; but, because "one black person ultimately served on the jury, Catlin's jury panel composition was exactly 1 to 11—the same ratio as defense counsel for Catlin alleged the state's racial distribution to be." Brief for Appellee at 14.

Moreover, there was no ineffective assistance in the failure to move for a change in venue since Catlin has neither (1) shown a reasonable probability that the outcome of the proceedings would have been different had counsel made a motion for a change in venue, nor (2) demonstrated that a motion for change of venue would have been meritorious. In fact, it is highly unlikely, in accordance with California law, that such a request would have been granted by the trial court.

As to the alleged due process violation, the trial court had no duty to raise the race issue, and/or to test jury bias, absent a request by counsel. *Turner v. Murray,* 476 U.S. 28, 37, 106 S.Ct. 1683, 90 L.Ed.2d 27 (1986) ("[A] defendant cannot complain of a judge's failure to question

---

* The Honorable Ralph R. Beistline, United States District Judge for the District of Alaska, sitting by designation.

the venire on racial prejudice unless the defendant has specifically requested such an inquiry.").

Consequently, the district court's judgment denying Catlin's petition for writ of habeas corpus is hereby AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.